Instead, it agreed that it be retained or reserved and the purchaser on the faith of the record, I think, could acquire free from any equities between the Realties Company and its vendor. There should be judgment for defendant recognizing it as the owner of a three-fourths interest in the mineral rights in the property in question and recognizing a one-fourth interest thereto in the plaintiff.

Plaintiff should pay costs.

28 U.S.C.A. following section 723c. The basis of the motion is the assertion that the remedy sought is equitable and not within ·the province of a jury.

An examination of the complaint discloses that the action is really nothing other than one for breach of a̋ royalty contract. The complaint, it is true, prays for an injunction, but the injunction prayed for is that defendant be restrained from refusing access to its plant to plaintiff's agent. Any information needed for purposes of trial can be obtained by the plaintiff without formal injunction. See Rule No. 34.

The motion to strike off the demand for a jury trial will be denied.

## UNITED STATES PROCESS CORPORATION v. FORT PITT BREWING CO.
### No. 414.

District Court, W. D. Pennsylvania.
Aug. 17, 1939.

## SHULTZ et al. v. MANUFACTURERS & TRADERS TRUST CO. et al.
### (two cases).
### Nos. 2279, 182.

District Court, W. D. New York.
June 21, 1939.

Christy & Wharton, of Pittsburgh, Pa., and Chritton, Wiles, Davies, Hirschl & Dawson, of Chicago, Ill., for plaintiff.

J. M. Stoner & Sons and W. W. Stoner, all of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The defendant has filed a demand for a jury trial and plaintiff has moved to ·strike off said demand under Rule No. 39 of the Federal Rules of Civil Procedure,